Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| OMAR CALERO-CASTILLO<br><br>Recurrente<br><br><br>V.<br><br><br>DEPARTAMENTO DE CORRECCIÓN<br><br>Recurrido | KLRA202400183 | Revisión del Departamento de Corrección<br><br>Núm. De Caso:<br>A LA2021G0068<br><br>Sobre:<br>Ley Núm. 66-2022, Ley Núm. 27 |

Panel integrado por su presidente, el Juez Sánchez Ramos, Juez Pagán Ocasio, Juez Marrero Guerrero y Jueza Boria Vizcarrondo.

Marrero Guerrero, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 18 de abril de 2024.

Comparece por derecho propio el Sr. Omar Calero Castillo (en adelante, el señor Calero Castillo o el recurrente), quien se encuentra confinado bajo la custodia del Departamento de Corrección y Rehabilitación (en adelante, DCR o parte recurrida). En síntesis, el señor Calero Castillo indica haber experimentado diversos inconvenientes al solicitar a la técnica socio-penal, la Sra. Elizabeth Ramos, y al jefe de los técnicos socio-penales, el Sr. Heberto Vargas, que honren las bonificaciones que le corresponden según lo estipulado en la Ley Núm. 66 de 2022, así como por su desempeño laboral y su buen comportamiento dentro de la institución correccional.[1]

---

[1] De entrada, resaltamos que su petición carece de título y no contiene una solicitud para litigar como indigente (*in forma pauperis*). De hecho, el recurrente explica que no dispone de los recursos necesarios para obtener representación legal y que no pudo completar ni juramentar el formulario requerido para litigar como persona indigente. Véase página 2 de la comparecencia del recurrente.

Por los fundamentos que expondremos a continuación, *desestimamos* el recurso presentado por el señor Calero Castillo.

**-I-**

Según se desprende de la comparecencia, el señor Calero Castillo se encuentra confinado en el Centro de Detención del Oeste de Mayagüez (en adelante, CDO de Mayagüez). Alega que el DCR le aplicó erróneamente la Ley Núm. 27, la cual, a su entender, se aplica a personas sentenciadas a noventa y nueve (99) años de cárcel, mientras que él está cumpliendo una condena total de cinco (5) años de prisión.[2] De acuerdo con su interpretación, considera que en su caso corresponde aplicar la Ley Núm. 66 de 2022, la cual implica una reducción de la sentencia del cuarenta por ciento (40%).

Relata que presentó dos (2) mociones ante el Tribunal de Primera Instancia de Aguadilla y que, en dos ocasiones, en septiembre de 2023 y el 24 de enero de 2024, dicho tribunal ordenó al DCR que tomara medidas respecto a la aplicabilidad de la Ley Núm. 66 de 2022. Expone que la técnica socio-penal, la señora Ramos, no ha tomado ninguna acción para aplicarle las bonificaciones correspondientes. Sostiene que no existen razones para que no se le otorguen dichas bonificaciones, debido a su buen comportamiento en la institución correccional y su labor en la brigada de acueductos.

Conforme a lo expresado en la comparecencia, el recurrente señala que agotó todos los recursos en el CDO de Mayagüez para que eliminen de su récord la aplicación de la Ley Núm. 27 y se le otorguen las bonificaciones correspondientes según la Ley Núm. 66 de 2022. Afirma que le corresponden dos (2) años de bonificación.

---

[2] En ningún lugar de su comparecencia el señor Calero Castillo especifica a que Ley Núm. 27 se refiere, por lo que bien podría referirse a la Ley Núm. 27 de 20 de julio de 1989, que revisó el sistema de bonificación aplicable a los confinados, a la Ley Núm. 27 de 19 de mayo de 2017, que enmendó varias disposiciones del Código Penal de Puerto Rico o a alguna otra. Esta circunstancia abona al curso decisorio alcanzado por el Tribunal.

En vista de lo expuesto, el señor Calero Castillo solicita nuestra intervención. En concreto, que ordenemos al DCR cumplir con las órdenes del Tribunal de Primera Instancia, Sala de Aguadilla, lo cual implica realizar los ajustes necesarios en cuanto a bonificaciones conforme a lo establecido en la Ley Núm. 66 de 2022.

Cabe destacar que, junto con su solicitud, no se adjuntaron copias de las solicitudes y reconsideraciones efectuadas por el señor Calero Castillo al DCR. Del mismo modo, no se incluyeron copias de las resoluciones emitidas por el DCR ni por el Tribunal de Primera Instancia, Sala Superior de Aguadilla, relacionadas con los argumentos presentados en este recurso. En realidad, el recurrente únicamente presentó una moción de dos (2) páginas donde relató lo mencionado anteriormente. Además, en el expediente del recurrente, solo se encuentra adjunta una copia del sobre de carta que utilizó para enviar su petición ante este Tribunal.

De acuerdo con lo dispuesto en la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, 4 Ap. XXII-B, R. 7 (B) (5), prescindimos de la comparecencia de las posibles partes con interés, y resolvemos.

**-II-**

El Artículo 4.006 de La Ley de la Judicatura del Estado Libre Asociado de Puerto Rico, Ley Núm. 201-2003, según enmendada, 4 LPRA sec. 24y, establece que este Tribunal tiene competencia para revisar, entre otros asuntos, las decisiones, órdenes y resoluciones finales de los organismos o agencias administrativas. Por su parte, la Regla 56 y siguientes del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 56 y siguientes, gobiernan el trámite de las revisiones de los asuntos previamente mencionados. En particular, la Regla 59 regula el contenido del recurso de revisión. Así, todo recurso de esta naturaleza debe incluir uno o varios señalamientos

de error, los cuales, además deben ser discutidos; de igual manera debe contener una referencia a la decisión, reglamento o providencia administrativa objeto del recurso de revisión incluyendo la fecha en que fue dictada y la fecha en que se archivó en autos copia de la notificación a las partes. También, deberá presentarse un apéndice, el cual tiene que contener copia de las alegaciones de las partes ante la agencia recurrida; y copia de la querella, orden, resolución o providencia administrativa recurrida, así como de toda moción, resolución u orden necesaria para establecer la jurisdicción de este Tribunal o que sea pertinente para la controversia. 4 LPRA Ap. XXII-B, R. 59 (E).

**-III-**

Un examen del expediente ante nuestra consideración demuestra que el recurrente no nos colocó en posición de ejercer nuestra función revisora. Esto se debe a que no formuló ni discutió ningún señalamiento de error y no adjuntó en su comparecencia documento alguno relativo a su solicitud. En este sentido, carecemos de una determinación administrativa que revisar e incluso desconocemos cuándo fue emitida la misma, de haber sido en efecto emitida, lo que también nos impide determinar nuestra jurisdicción sobre el asunto.

Las normas que rigen el perfeccionamiento de todos los recursos deben observarse rigurosamente. Ello, ante la necesidad de colocar a los tribunales apelativos en posición de decidir correctamente los casos, con el beneficio de un expediente completo y claro de la controversia que tiene ante sí. *Soto Pino v. Uno Radio Group*, 189 DPR 84, 90 (2013).

Es importante subrayar que, el hecho de que las partes litigantes comparezcan por derecho propio, por sí solo, no justifica que ellas incumplan con las reglas procesales. La omisión por parte del recurrente de cumplir con nuestro Reglamento constituye un

impedimento real y meritorio para la consideración del caso en sus méritos. Si bien en ciertas circunstancias hemos sido flexibles en cuanto a las exigencias de nuestro Reglamento, aquí no se trata de meros errores de forma, sino cuestiones esenciales que nos impiden entrar a los méritos del caso y ejercer nuestra función revisora.

**-IV-**

A la luz de lo antes expuesto, desestimamos el recurso ante nuestra consideración por el craso incumplimiento del recurrente con las disposiciones legales y reglamentarias aplicables. La presente determinación no es impedimento para que el recurrente acuda nuevamente ante nosotros, acompañando cualquier comparecencia con los documentos necesarios, tales como su solicitud ante el DCR, y la determinación final de la referida agencia ante dicho reclamo, ello dentro del término de treinta (30) días de la notificación de la decisión administrativa.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones